**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000846
10-SEP-2021
07:52 AM
Dkt. 70 SO**

NO. CAAP-17-0000846

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEBORAH J. WALTRIP, Plaintiff-Appellant,
v.
MILES J.K. LOPES, SR., Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2RC161000263)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Self-represented Plaintiff-Appellant Deborah J. **Waltrip** appeals from the **"Final Decision and Order**: Denying Plaintiff's October 9, 2017 Motion to Set Aside Dismissal and Dismissing Case with Prejudice" entered by the District Court of the Second Circuit, Wailuku Division, on October 15, 2018.[1] We affirm the Final Decision and Order.

Waltrip's opening brief does not contain the required statement of the points of error.[2] Nevertheless, to promote

---

[1] The Honorable Adrianne N. Heely presided.

[2] Rule 28 of the Hawaiʻi Rules of Appellate Procedure (**HRAP**) provides, in relevant part:

> **Rule 28.  BRIEFS.**
>
> . . . .
>
>    **(b)  Opening brief.**  Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in the order here indicated:

(continued...)

access to justice, the Hawaiʻi Supreme Court instructs that pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not be automatically foreclosed from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). Accordingly, we address Waltrip's appeal on the merits based upon what we are able to discern her arguments to be.

Our review is also hampered by Waltrip's failure to request transcripts of proceedings before the district court.[3] Most of Waltrip's arguments on appeal involve oral motions, court rulings, and other matters that transpired during court hearings. It is Waltrip's burden, as the appellant, "to show error by reference to matters in the record, and [appellant] has the responsibility of providing an adequate transcript." Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995)

---

[2](...continued)

. . . .

    (4) A concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency. . . .

    . . . .

    Points not presented in accordance with this section will be disregarded[.]

[3]    Rule 10 of the Hawaiʻi Rules of Appellate Procedure (**HRAP**) provides, in relevant part:

**Rule 10. THE RECORD ON APPEAL.**

    . . . .

**(b) The transcript of court proceedings.**

(1) REQUEST TO PREPARE TRANSCRIPT.

(A) When to request. When an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from, the appellant shall file with the appellate clerk, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file in the appeal.

(quoting <u>Union Bldg. Materials Corp. v. Kakaako Corp.</u>, 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)).  Copies of some transcripts were attached to the answering brief filed by self-represented Defendant-Appellee Miles J.K. **Lopes**, Sr., but we cannot consider them because they are not part of the record on appeal.[4]  We are able, however, to consider the district court's minutes.  <u>See</u> Rule 10(a) of the Hawaiʻi Rules of Appellate Procedure (**HRAP**);[5] Rule 4(f) of the Hawaiʻi Court Records Rules (**HCRR**).[6]

The procedural history of this case — which we glean from the district court's file and minutes — shows that Waltrip filed a district court complaint against Lopes on February 4, 2016.  The complaint alleged that Lopes owed $10,398 to Waltrip.  Lopes appeared, self-represented, for the district court's

---

[4]     HRAP Rule 28 provides, in relevant part:

**Rule 28.  BRIEFS.**

. . . .

**(b)    Opening brief.**  Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in the order here indicated:

. . . .

(10)  An appendix.  Anything that is not part of the record shall not be appended to the brief, except as provided in this Rule.

. . . .

**(c)    Answering brief.** . . . . The brief shall be of like character as that required for an opening brief[.]

[5]     HRAP Rule 10 provides, in relevant part:

**Rule 10.  THE RECORD ON APPEAL.**

**(a)    Composition of the record on appeal.**  The record on appeal shall consist of the trial court . . . record, as set out in Rule 4 of the Hawaiʻi Court Record Rules[.]

[6]     HCRR Rule 4 provides, in relevant part:

**Rule 4.  CONTENT OF COURT AND ADLRO RECORDS; INFORMATION DISCREPANCY.**

The record of each case . . . shall include:

(f)    minutes[.]

February 22, 2016 answer calendar and entered a denial. The district court ordered the parties to mediate and set a status conference for May 2, 2016.

The status conference was continued until May 9, 2016. At the conference the district court again ordered the parties to mediate and set another status conference for November 7, 2016.

On November 7, 2016, Lopes was not in the courtroom when the case was called at 9:30 a.m. The district court entered Lopes's default. Lopes appeared at 9:40 a.m., but Waltrip had already left the courtroom. Lopes filed a motion to set aside his default at 10:25 a.m. that day. The motion was set for hearing on November 28, 2016. At 11:23 a.m. the same day, Waltrip filed a motion for default judgment against Lopes.

The district court denied Waltrip's motion for default judgment, granted Lopes's motion to set aside his default, and issued a trial order. Trial was set for February 6, 2017.

On February 6, 2017, both parties appeared for trial. The minutes reflect that Waltrip requested a continuance to attempt mediation, and Lopes requested a continuance to subpoena documents. The district court continued the trial to July 10, 2017, "by agreement."

At trial on July 10, 2017, both parties testified and the district court received Waltrip's exhibits 1-7 and Lopes's exhibits A-E in evidence. Waltrip's Exhibit 1 was a copy of a letter, allegedly from Lopes, acknowledging a debt to Waltrip of $10,398, "that I have borrowed during the last three years." The letter was dated February 8, 2010, and was allegedly signed by Lopes.

Lopes's Exhibit A was Lopes's written response to Waltrip's complaint. In it, Lopes denies signing Exhibit 1. After the district court heard the parties' testimony, trial was continued to October 9, 2017 "for defense subpoenas . . . and courts [sic] ruling[.]"

On July 26, 2017, Lopes filed a motion for discovery from the Hawaiʻi Department of Labor and Industrial Relations Appeals Board and Department of Human Services. The motion was heard on August 21, 2017. At the hearing the district court

agreed to review documents from the State of Hawaiʻi in camera; the State was ordered to provide the documents by October 2, 2017.

The minutes for August 21, 2017, also indicate that Waltrip made an oral motion for continuance, which was denied. Waltrip argues she asked for the continuance "to allow for a handwriting expert to testify on her behalf." The minutes do not reflect the reason for Waltrip's oral motion, or the reason for the district court's denial of a continuance. Without a transcript, we cannot review Waltrip's contention that the district court erred by denying her motion for a continuance. The district court then set October 9, 2017, for the "continued trial/courts [sic] ruling[.]"

Neither party appeared for the October 9, 2017 proceeding. The minutes state that the district court ordered the "matter be dismissed with prejudice due to lack of evidence and statutes [sic] of limitations." Waltrip filed a motion to set aside the dismissal the same day.

Waltrip's motion to set aside the dismissal was heard on October 23, 2017. The district court denied the motion. Waltrip showed new exhibits to the court, over Lopes's objection. The minutes reflect that the court held the new exhibits were not relevant, and returned them to Waltrip. Waltrip contends this was error, but we are unable to review the evidentiary ruling because there is no transcript of the hearing and the record does not otherwise reveal the nature of the exhibits or include the basis for the district court's determination that they were not relevant.

Waltrip's notice of appeal was filed on November 22, 2017. We temporarily remanded the case to the district court for entry of a written order or judgment. The Final Decision and Order was entered on October 15, 2018. The district court denied Waltrip's motion to set aside the dismissal and ordered the case dismissed with prejudice.

Waltrip's opening brief presents several arguments. She contends the district court erred by setting aside its entry of Lopes's default after Lopes failed to appear at 9:30 a.m. on

November 7, 2016, when the case was called.  A trial court's ruling on a motion to set aside a default is reviewed for abuse of discretion.  See County of Hawaiʻi v. Ala Loop Homeowners, 123 Hawaiʻi 391, 404, 235 P.3d 1103, 1116 (2010) (applying Rule 55 of the Hawaiʻi Rules of Civil Procedure), abrogated on other grounds by Tax Found. of Haw. v. State, 144 Hawaiʻi 175, 439 P.3d 127 (2019).  An abuse of discretion occurs where the trial court clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant.  Costales v. Rosete, 133 Hawaiʻi 453, 465, 331 P.3d 431, 443 (2014).  Lopes appeared for the hearing at 9:40 a.m.; he was 10 minutes late.  The record does not contain a transcript of the hearing on Lopes's motion to set aside his default.  On this record we cannot say that the district court abused its discretion by setting aside the entry of Lopes's default.

Waltrip cites conflicts between her testimony and evidence and the testimony and evidence offered by Lopes, arguing that the district court should have believed her, not Lopes.  However, "[a]n appellate court will not pass upon issues dependent upon credibility of witnesses and the weight of the evidence; this is the province of the trial judge."  Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 117, 839 P.2d 10, 28 (1992) (cleaned up).

Waltrip argues that Lopes "made a series of untrue inflammatory irrelevant comments whose sole purpose was to inflame the judge and create a negative feeling towards me."  Because the record contains no transcripts of proceedings, we are unable to assess the merits of Waltrip's argument.

Waltrip's ultimate argument is that the district court erred by finding that Lopes did not sign Exhibit 1 (the letter allegedly acknowledging a debt to Waltrip) despite Lopes having "stated under oath 'she made me sign it.'"  Waltrip argues that "despite this admission Judge Heely still ruled that he hadn't signed it.  This was farcical."  Again, we have no basis to confirm whether or not Lopes made the alleged admission because Waltrip has not included a transcript of the trial proceedings in

the record on appeal.  Even if she had, we would not second-guess the trial judge's assessment of the relative credibility of the witnesses or the weight of the evidence.

For the foregoing reasons, the Final Decision and Order entered on October 15, 2018, is affirmed.

DATED:  Honolulu, Hawaiʻi, September 10, 2021.

On the briefs:

Deborah J. Waltrip,
Self-represented
Plaintiff-Appellant.

Miles J.K. Lopes, Sr.,
Self-represented
Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge